UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JEFFERY SCHMUTZLER, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 5: 19-046-DCR |
| | ) |
| V. | ) |
| | ) |
| FRANCISCO QUINTANA, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jeffery Schmutzler is presently confined at the Federal Medical Center ("FMC") – Lexington located in Lexington, Kentucky. Proceeding without an attorney, Schmutzler has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenging the calculation of his sentence. [Record No. 1] The matter is before the Court for the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In July 2013, Schmutzler pleaded guilty in the United States District Court for the Middle District of Pennsylvania to one count of distributing and receiving material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252A(a)(2). He

---

[1] Relief will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

-1-

was sentenced in August 2013 to a term of imprisonment of 108 months. *United States v. Schmutzler*, No. 1:13-CR-0065-WWC-1 (M.D. Pa.). Schmutzler is currently projected to be released from custody on January 21, 2020. *See* https://www.bop.gov/inmateloc/ (last visited on February 15, 2019).

Schmutzler argues in his petition that, in light of the First Step Act of 2018, the Bureau of Prisons ("BOP") should immediately recalculate his sentence to allow him to take advantage of amendments affecting the manner in which good conduct time credits are calculated. The First Step Act, enacted December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year. Schmutzler claims that he is currently scheduled to be released to a halfway house on August 1, 2019, where he will serve the last 6 months of his sentence. [Record No. 1 at p. 2] He also asserts that he is participating in a Residential Drug Abuse Program ("RDAP") which, according to Schmutzler, requires that he spend at least 4 months in a halfway house to complete the program and keep his year-off incentive.[2] He then argues that, if his sentence is not immediately recalculated, he will not be able to spend 4 months in a halfway house (as he claims is required by RDAP policy) and, therefore, will be in jeopardy of being unable to successfully complete his RDAP and lose his year-off

---

[2] With some exceptions and subject to the BOP's discretion, federal inmates who complete the RDAP are eligible to a reduction in their sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B).

incentive. [*Id.*] He also claims that the First Step Act "orders the BOP to place prisoners in [a] halfway house for the maximum time allowed, here 6 months." [*Id.* at p. 3]

Schmutzler's petition will be denied for the following reasons. First, he admits that he has not taken steps to formally exhaust his administrative remedies available within the BOP. [*Id.* at p. 3] Before a prisoner may seek habeas relief under section 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). This case underscores the importance one of the core values that the exhaustion requirement is designed to serve: ensuring that the Court has an adequate record before it to review the agency action in question. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Without a full administrative record explaining the BOP's actions and the reasons for those actions, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition. Because Schmutzler concedes that he did not pursue, much less exhaust, his administrative remedies before filing his petition, dismissal is warranted.

But Schmutzler argues that he should not be required to exhaust his administrative remedies prior to pursuing his claim because the BOP's refusal to immediately recalculate his sentence represents "a general policy contrary to law," and he simply does not have enough time to fully litigate his claim by first being required to

pursue remedies administratively. [*Id.* at p. 3] However, Schmutzler's conclusory allegations regarding the administration of the BOP's Inmate Grievance Program are wholly insufficient to excuse his failure to pursue his available administrative remedies before filing his habeas petition.

Second, even if Schmutzler were correct regarding exhaustion, his claim would be dismissed as being meritless. Schmutzler is correct that Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). But this provision has not yet taken effect: Section 102(b)(2) of the Act specifically provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

Likewise, the First Step Act does not mandate that the BOP place prisoners in a halfway house for six months or any other period. Under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months. However, a prisoner is neither entitled nor guaranteed such placement for any

minimum amount of time. 18 U.S.C. § 3624(c). *See also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Instead, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)). The First Step Act does not alter this rule.

It is also noteworthy that the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review. The provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Jeffery Schmutzler's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated: February 20, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge